Nott, J.
It appears that Robert Singleton gave two notes, but at what time or for what amount is not stated. One was payable to the defendant Edward Croft, and endorsed by him for discount in the bank of the State. The other was payable to R. English and P. Garner, by whom it was endorsed for the same purpose: By some mistake of the cashier the two notes were posted in the books of the bank, as endorsed by English and Garner. Dr. Green was the agent of all the parties, and authorized to renew any notes which they owed in bank, either as drawers or endorsers. By thus consolidating the two notes the name of Croft, as endorser, was omitted. This consolidated note was renewed by Dr. Green with Garner and English as endorsers for more than a year before the error was detected. When the mistake was discovered Dr. Green renewed the two notes in their original form, one endorsed by English and Garner, and the other by Croft. In the mean time Croft had applied to the bank to knowwhether he owed any thing to the bank, either as a drawer or endorser, and was informed that be did not. Singleton had left the State. Upon application being made to the defendant for payment, as endorser of this last renewed note, he refused and contended that he was discharged, and that the last renewal by Dr. Green was unauthorized. This was an action brought against him as endorser. The court regarding the first note as paid, and the last renewal unauthorized, ordered a nonsuit This is a motion to set aside that nonsuit.
I do not consider the original note in this case as paid. Every renewal is a discharge of the prior note, because the renewed note is a substitute for the former. But this note was not renewed. The consolidation of the two notes wag unauthorized and therefore could not be a renewal of this. The note on which the defendant was endorser still remained, and does to this day remain obligatory upon Singleton. Whether the endorser was exonerated is another question. Thai note must be considered precisely ag if no renewal had *527 been attempted. Now the law on that subject is, that when notdl falls due, application must be made to the drawer, and notire of non-payment given to the endorser. And without such demand and notice the endorser is exonerated. The presiding judge in his report says, “ no notice had been given to the defendant in person or to his attorney, that the note due on the first of March was not paid, on the contrary it was entered up in Bank as paid.” The failure of the bank to demand payment of Singleton, when the note became due or of his agent exonerated the endorser. The subsequent renewal therefore was irregular and could not make the defendant Hable. It is said that the presiding judge was mistaken in supposing that the note was entered up in bank as paid. But that is immaterial. Suppose it to have been passed over unnoticed, which I think is the light in which it ought to be considered, still the endorser was discharged, no demand having been made of the drawer for more than a year. The nonsuit was therefore properly ordered and this motion must be refused.
Preston, for the motion.
Gregg, contra.